Ryan P. Steen (Bar No. 0912084)
ryan.steen@stoel.com
Jason T. Morgan (Bar No. 1602010)
jason.morgan@stoel.com
James C. Feldman (Bar No. 1702003)
james.feldman@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

Attorneys for Alaska Oil and Gas Association

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA WILDLIFE ALLIANCE, ALASKA WILDERNESS LEAGUE, CENTER FOR BIOLOGICAL DIVERSITY, DEFENDERS OF WILDLIFE, ENVIRONMENT AMERICA, FRIENDS OF THE EARTH, and SIERRA CLUB,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. FISH & WILDLIFE SERVICE, UNITED STATES DEPARTMENT OF THE INTERIOR, SHANNON ESTENOZ, in her official capacity as Assistant Secretary for Fish and Wildlife and Parks, and DEBRA HAALAND, in her official capacity as Secretary of the Interior,<br><br>Defendants. | No.: 3:21-cv-00209-SLG |

*Alaska Wildlife All., et al. v. U.S. Fish & Wildlife Serv., et al.*
Case No. 3:21-cv-00209-SLG                1

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

# UNOPPOSED MOTION TO INTERVENE BY THE ALASKA OIL AND GAS ASSOCIATION

## I. INTRODUCTION

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, the Alaska Oil and Gas Association ("AOGA") respectfully moves for leave to intervene as a Defendant in the above-captioned litigation.[1] This lawsuit challenges the U.S. Fish and Wildlife Service's ("FWS") 2021-2026 incidental take regulations that cover AOGA's members' oil and gas activities in the Beaufort Sea and the adjacent North Slope (the "Beaufort Sea ITRs"). AOGA's members have a direct interest in defending the Beaufort Sea ITRs and meet all of the requirements to intervene as of right under Rule 24(a).

AOGA is a non-profit professional trade association representing the oil and gas industry in Alaska.[2] Its members account for the majority of oil and gas exploration, production, transportation, refining, and marketing activities in Alaska and have significant business interests in oil and gas production and development in the North Slope and Beaufort Sea region.[3] Because AOGA's members occasionally encounter marine mammals incidental to oil and gas activities in the Beaufort Sea and North Slope, AOGA petitioned FWS for incidental take regulations to address AOGA's members' unintentional nonlethal takes of small numbers of polar bears and Pacific walruses.[4]

---

[1] Both Federal Defendants and Plaintiffs take no position on AOGA's motion to intervene.

[2] Declaration of Kara Moriarty ("Moriarty Decl.") ¶ 3.

[3] *Id.* ¶¶ 3, 6.

[4] *Id.* ¶ 7.

*Alaska Wildlife All., et al. v. U.S. Fish & Wildlife Serv., et al.*
Case No. 3:21-cv-00209-SLG      2

Pursuant to Section 101(a)(5)(A) of the Marine Mammal Protection Act ("MMPA") and in response to AOGA's petition, FWS issued the Beaufort Sea ITRs on August 5, 2021.[5] Plaintiffs now challenge the Beaufort Sea ITRs and ask the Court to declare the ITRs and accompanying environmental analyses invalid.[6] Plaintiffs also ask the Court to "vacate and set aside" the Beaufort Sea ITRs and related agency decisions.[7]

AOGA seeks to intervene in this litigation because the claims asserted and relief requested by Plaintiffs imperil AOGA's members' exploration and development interests, including existing leases, in the Beaufort Sea and North Slope. AOGA's significant protectable interests are not adequately represented by the Federal Defendants in this case. Indeed, AOGA was granted full intervention as of right in three previous cases before this Court in which similar ITRs were challenged.[8] Accordingly, AOGA respectfully requests to intervene in this litigation as of right under Rule 24(a). In the alternative, AOGA asks the Court to grant permissive intervention under Rule 24(b).

---

[5] *Id.* ¶ 9.

[6] Dkt. 1 (Compl.) at Request for Relief, ¶ 4.

[7] *Id.* ¶ 5.

[8] *See Alaska Wilderness League v. Jewell*, No. 3:15-CV-00067-SLG, ECF No. 25 at 16–17 (D. Alaska Apr. 17, 2015) (granting AOGA intervention in challenge to ITRs for Chukchi Sea); *Ctr. for Biological Diversity v. Salazar*, No. 3:08-CV-00159-RRB, ECF No. 29 (D. Alaska Jan. 5, 2009) (granting AOGA intervention in challenge to ITRs for Chukchi Sea); *Ctr. for Biological Diversity v. Kempthorne*, No. 3:07-cv-00141-RRB, ECF No. 23 (D. Alaska May 31, 2007) (granting AOGA intervention in challenge to ITRs for Beaufort Sea) (transferred from N.D. Cal.).

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

## II. BACKGROUND

**A.    MMPA Section 101(a)(5)(A) Framework.**

The MMPA prohibits the unauthorized "taking" of marine mammals.[9] "Take" means to harass, hunt, capture, or kill or attempt to harass, hunt, capture, or kill any marine mammal.[10] Under Section 101(a)(5)(A) of the MMPA, FWS may authorize the incidental, unintentional taking of small numbers of marine mammals in response to requests by citizens.[11] FWS may issue incidental take regulations that provide for the authorization of unintentional nonlethal takes that result from specific activities in a specific region for five year periods.[12] Regulations may be issued where the incidental take "will have a negligible impact" on the affected marine mammal stock.[13] Incidental take regulations establish a framework for the authorization of incidental takes, including a comprehensive suite of mitigation and monitoring measures to minimize the possibility of such a take to the extent "practicable."[14] After issuing incidental take regulations, FWS issues letters of authorization ("LOA") to parties covered by the regulations to authorize specific activities that might result in an incidental take, pursuant to the terms of the regulations.[15]

---

[9] 16 U.S.C. § 1371(a).
[10] 16 U.S.C. § 1362(13).
[11] 16 U.S.C. § 1371(a)(5)(A)(i).
[12] *Id*.
[13] *Id*.
[14] *Id*.
[15] *Id*.

*Alaska Wildlife All., et al. v. U.S. Fish & Wildlife Serv., et al.*
Case No. 3:21-cv-00209-SLG                4

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

## B. 2021-2026 Beaufort Sea Incidental Take Regulations.

In June 2020, pursuant to Section 101(a)(5)(A) of the MMPA, AOGA petitioned FWS to issue regulations authorizing the incidental take of polar bears and Pacific walruses resulting from routine oil and gas operations in the Beaufort Sea and adjacent North Slope region for the five year period from 2021-2026.[16] On August 5, 2021, FWS issued the final 2021-2026 Beaufort Sea ITRs authorizing nonlethal, incidental, unintentional taking of a small number of polar bears and Pacific walruses during year-round oil and gas industry activities in the region.[17] The Beaufort Sea ITRs include mitigation and monitoring measures taken by AOGA members to minimize interactions between animals and oil and gas activities.[18] Pursuant to the National Environmental Policy Act ("NEPA"), FWS conducted an environmental assessment ("EA") and issued a finding of no significant impact ("FONSI") before issuing the ITRs.[19] FWS also conducted a Section 7 consultation under the Endangered Species Act ("ESA") for the incidental take of polar bears, which are listed as threatened under the ESA.[20] FWS issued a biological opinion ("BiOp"), pursuant to Section 7, determining that Beaufort Sea ITRs are "not likely to jeopardize the continued existence of polar bears" in the

---

[16] Moriarty Decl. ¶ 8.
[17] *Id.* ¶ 9.
[18] 86 Fed. Reg. 42,982, 43,072–73 (Aug. 5, 2021).
[19] *Id.* at 43,068.
[20] *Id.*

*Alaska Wildlife All., et al. v. U.S. Fish & Wildlife Serv., et al.*
Case No. 3:21-cv-00209-SLG                5

region.[21] FWS has issued similar ITRs for oil and gas activities since 1993, and the current ITRs replace a similar set of Beaufort Sea ITRs for the 2016-2021 time period.[22]

Alaska Wildlife Alliance, Alaska Wilderness League, Center for Biological Diversity, Defenders of Wildlife, Environment America, Friends of the Earth, and Sierra Club (collectively, "Plaintiffs") brought this lawsuit against FWS and the Department of the Interior ("DOI") challenging the validity of the 2021-2026 Beaufort Sea ITRs.[23] Plaintiffs allege that the ITRs and associated agency decisions violate the MMPA, ESA, NEPA, and the Administrative Procedure Act ("APA"). They ask the Court to declare the ITRs, and the accompanying BiOp, EA, and FONSI, invalid.[24] Plaintiffs further ask the Court to "vacate and set aside" the ITRs, EA, FONSI, and BiOp.[25]

## C.   AOGA's Interest in This Litigation.

AOGA is the professional trade association whose mission is to foster the long-term viability of the oil and gas industry for the benefit of all Alaskans.[26] AOGA's 14 member companies have interests in oil and gas, both onshore and offshore, on state, federal, and private lands in Alaska.[27] AOGA's members have a well-established history

---

[21] U.S. Fish and Wildlife Service, Biological Opinion for the Issuance of Incidental Take Regulations Under the Marine Mammals Protection Act to the Alaska Oil and Gas Association for Their Members' Oil and Gas Activities on the North Slope of Alaska 41 (Aug. 3, 2021), *available at* https://www.regulations.gov/document/FWS-R7-ES-2021-0037-0033.

[22] Moriarty Decl. ¶ 7; 86 Fed. Reg. at 42,983.

[23] Compl. ¶¶ 1, 18–24.

[24] *See id.*, Request for Relief ¶¶ 1–4.

[25] *See id.*, Request for Relief ¶ 5.

[26] Moriarty Decl. ¶ 3.

[27] *Id.* ¶¶ 3, 5.

*Alaska Wildlife All., et al. v. U.S. Fish & Wildlife Serv., et al.*
Case No. 3:21-cv-00209-SLG                6

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

of prudent and environmentally responsible oil and gas exploration, development, and production in Alaska.[28]

On behalf of its members, AOGA petitioned FWS for the 2021-2026 Beaufort Sea ITRs to authorize the incidental, unintentional, and nonlethal "take" of two species protected by the MMPA: polar bears and Pacific walruses.[29] AOGA's members rely on ITRs to carry out their critical activities in the region; without the Beaufort Sea ITRs, AOGA's members would be exposed to potential civil and criminal liability for any unintentional harassment of polar bears or Pacific walruses during their ongoing oil and gas development activities.[30] If Plaintiffs prevail in this litigation, AOGA's members' ongoing activities and planned development under their federal and state leases would be placed at significant risk and likely substantially impeded.[31] Further, AOGA has expended considerable resources to engage in the regulatory process including preparing the petition for the Beaufort Sea ITRs, responding to information requests, and participating in the rulemaking process.[32]

### III. ARGUMENT

**A.  AOGA Is Entitled to Intervene as of Right.**

Pursuant to Rule 24(a), AOGA is entitled to intervene as of right in this case to defend its significantly protectable interests in the 2021-2026 Beaufort Sea ITRs. The Ninth Circuit has adopted a four-part test to determine whether a party should be

---

[28] *Id.* ¶ 5.
[29] *Id.* ¶¶ 8–9.
[30] *Id.* ¶ 11.
[31] *Id.*
[32] *Id.* ¶ 10.

*Alaska Wildlife All., et al. v. U.S. Fish & Wildlife Serv., et al.*
Case No. 3:21-cv-00209-SLG         7

permitted to intervene as of right: (1) the motion must be timely; (2) the movant must claim a "significantly protectable" interest related to the property or transaction that is the subject of the action; (3) the movant must be so situated that the disposition of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) the movant's interest must not be adequately represented by the existing parties to the action.[33] The Ninth Circuit applies this test broadly in favor of intervention.[34] This permissive approach to intervention serves the interest of judicial efficiency: "By allowing parties with a *practical* interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues."[35] Thus, courts assess a motion to intervene "primarily by practical considerations, not technical distinctions."[36] AOGA, as the petitioner for the agency decision challenged in this lawsuit, meets each of the requirements for intervention as of right.

### 1. AOGA's motion is timely.

When evaluating timeliness, courts in the Ninth Circuit consider (1) the stage of the proceedings, (2) any prejudice to the existing parties, and (3) the reasons for and length of any delay.[37] The complaint was filed on September 16, 2021, and the litigation

---

[33] *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011).
[34] *Id.* at 1179.
[35] *United States v. City of L.A.*, 288 F.3d 391, 397–98 (9th Cir. 2002) (citation omitted; emphasis in original); *see Scotts Valley Band of Pomo Indians of Sugar Bowl Rancheria v. United States*, 921 F.2d 924, 926 (9th Cir. 1990) ("Rule 24(a) is construed broadly, in favor of the applicants for intervention.").
[36] *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (internal quotation marks and citation omitted).
[37] *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1319 (9th Cir. 1997).

*Alaska Wildlife All., et al. v. U.S. Fish & Wildlife Serv., et al.*
Case No. 3:21-cv-00209-SLG                                8

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

is in its preliminary stages. Defendants have not filed an answer, nor has the administrative record been lodged. AOGA has acted swiftly and without delay to seek intervention, and no party will be prejudiced by AOGA's intervention. AOGA has submitted a proposed answer to the complaint along with this motion to avoid any possible delay. Intervention is routinely considered timely at this litigation stage, and no prejudice, delay, or inefficiency will result from AOGA's intervention.[38]

### 2. AOGA has significantly protectable interests in the resolution of this action.

A significantly protectable interest exists when a movant establishes that (1) "the interest is protectable under some law" and (2) "there is a relationship between the legally protected interest and the claims at issue" in the case.[39] The interest requirement of Rule 24(a) is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."[40] Accordingly, a significantly protectable interest need not be "a specific legal or equitable interest" to satisfy the Rule 24(a) test.[41] To satisfy the "relationship" requirement, an

---

[38] *See, e.g., Sierra Club v. U.S. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993) (motion deemed timely when filed before EPA's answer), *overruled in part on other grounds by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1176 (9th Cir. 2011); *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (motion deemed timely when filed less than three months after complaint was filed and less than two weeks after Forest Service's answer).

[39] *Mont. Wilderness Ass'n*, 647 F.3d at 897; *see City of L.A.*, 288 F.3d at 398 ("The relationship requirement is met if resolution of the plaintiff's claims actually will affect the applicant." (internal quotation marks and citation omitted)).

[40] *Wilderness Soc'y*, 630 F.3d at 1179 (citation omitted).

[41] *Id.*; *see Sw. Ctr. for Biological Diversity*, 268 F.3d at 818 (intervenor had a significantly protectable interest as the third party beneficiary of the city's ability to authorize incidental takes under the ESA); *Sierra Club*, 995 F.2d at 1484 (intervenor's

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

applicant must show that resolution of the plaintiff's claims will affect the applicant.[42] The Ninth Circuit has explicitly recognized that property and contractual stakes in an action are protectable interests sufficient to warrant intervention.[43]

AOGA has significant and well-demonstrated regulatory, property, and economic interests that are directly at stake in the present litigation. AOGA has expended considerable resources to engage in the regulatory process including preparing the petition for the Beaufort Sea ITRs, responding to information requests, and participating in the rulemaking process.[44] Additionally, AOGA's members have made substantial capital investments in the oil and gas infrastructure in the Beaufort Sea and the North Slope over the past 40 years, including infrastructure at existing production areas and planned development at both existing and new areas in the region.[45] Further, AOGA's members have significantly protectable interests in continued exploration and development in the form of state and federal oil and gas leases in the area.[46] Accordingly,

---

interest need not be protected by statute put at issue by complaint so long as it is protected by law and relates to the claim).

[42] *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998).

[43] *See Sw. Ctr. for Biological Diversity*, 268 F.3d at 820 (finding a significant protectable interest in a contract); *Sierra Club*, 995 F.2d at 1482 (finding that the City of Phoenix's property rights in a wastewater treatment plant and permits provided a sufficient interest to support intervention in a Clean Water Act case); *Wilderness Soc'y*, 630 F.3d at 1179 (holding that there is "a sufficient interest for intervention purposes if [a prospective intervenor] will suffer a practical impairment of its interests as a result of the pending litigation" (citation omitted)).

[44] Moriarty Decl. ¶ 10.

[45] *Id.* ¶¶ 6, 10.

[46] *Id.* ¶ 10.

*Alaska Wildlife All., et al. v. U.S. Fish & Wildlife Serv., et al.*
Case No. 3:21-cv-00209-SLG                10

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

AOGA's members have significantly protectable interests in this litigation and satisfy the second prong of the intervention test.

### 3. Disposition in favor of Plaintiffs will impair AOGA's ability to protect its interests.

The test for impairment under Rule 24(a) focuses on practical effects: "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene . . . ."[47] Intervention as of right is particularly appropriate when, as here, the plaintiff seeks injunctive relief.[48] The Ninth Circuit has previously held that invalidation of regulations authorizing incidental take under the ESA would "both legally and practically affect Applicants' interests" in pursing future projects.[49]

The effect of Plaintiffs' claims in this litigation would be to invalidate the federal authorizations essential to the ability of AOGA's members to conduct oil and gas production and development.[50] If Plaintiffs succeed in their claims, AOGA's members will be left without authorization under the MMPA for any unintentional takes, which would subject AOGA's members to potential civil and criminal liability for any unpermitted takes of marine mammals during the normal course of business.[51] This could

---

[47] *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting Fed. R. Civ. P. 24 advisory committee's note).

[48] *See United States v. City of L.A.*, 288 F.3d 391, 399 (9th Cir. 2002); *Sw. Ctr. for Biological Diversity*, 268 F.3d at 818 (where relief sought by plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests, the party satisfies the "interest" test).

[49] *Sw. Ctr. for Biological Diversity*, 268 F.3d at 822.

[50] Compl. at Request for Relief.

[51] Moriarty Decl. ¶ 11.

*Alaska Wildlife All., et al. v. U.S. Fish & Wildlife Serv., et al.*
Case No. 3:21-cv-00209-SLG                11

have the effect of significantly impeding operations or imposing substantial delays and increased regulatory burdens on AOGA's members.[52] Because disposition of this case in favor of Plaintiffs would impair AOGA's member's ability to protect their significantly protectable interests in the region, AOGA satisfies the third prong of the intervention test.

### 4. Defendants do not adequately represent AOGA's interests.

AOGA's interests in this litigation are sufficiently different from those of the Federal Defendants to warrant intervention. The burden of demonstrating inadequate representation is "minimal."[53] AOGA need only show that its interests are different from the existing parties' interests such that their representation "may be" inadequate.[54] Courts consider:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.[55]

Here, the interests and perspectives of AOGA as a non-federal entity with a direct economic stake in this controversy are very different from the interests of the DOI and FWS as federal regulatory agencies.[56] When parties, such as AOGA, have private

---

[52] *Id.*

[53] *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011).

[54] *Id.*; *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972); *Sw. Ctr. for Biological Diversity*, 268 F.3d at 823.

[55] *United States v. City of L.A.*, 288 F.3d 391, 398 (9th Cir. 2002) (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996)).

[56] Moriarty Decl. ¶ 12.

interests, as opposed to the government's "public" interests, this difference is sufficient to justify intervention.[57] AOGA brings a unique perspective as the only party with on-the-ground experience in developing oil and gas resources in the region; this perspective would aid the Court in better understanding the case.[58] Because its interests are not adequately represented, AOGA meets the fourth prong of the intervention test.

## B. Alternatively, AOGA Is Entitled to Permissive Intervention.

As with intervention as of right, permissive intervention is construed liberally in favor of the moving party.[59] Permissive intervention is allowed under Rule 24(b) as long as the applicant for intervention establishes that "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims."[60] However, "the independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims."[61] Under this standard, neither the inadequacy of representation nor a direct interest in the subject matter of the action need be shown.[62]

---

[57] *See id.*; *Sw. Ctr. for Biological Diversity*, 268 F.3d at 823–24; *Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994); *Fresno Cnty. v. Andrus*, 622 F.2d 436, 438–39 (9th Cir. 1980); *Nat. Res. Def. Council v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977).

[58] Moriarty Decl. ¶ 13.

[59] *City of L.A.*, 288 F.3d at 397–98.

[60] *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).

[61] *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011).

[62] *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002), *overruled in part on other grounds by Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1178 (9th Cir. 2011).

*Alaska Wildlife All., et al. v. U.S. Fish & Wildlife Serv., et al.*
Case No. 3:21-cv-00209-SLG                13

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

As addressed above, AOGA's members' interests are placed directly at stake by the Plaintiffs' claims. As the representative of private parties who will be most directly and adversely affected by the relief sought by Plaintiffs—indeed, as the target of this lawsuit in all practical terms—AOGA's members' interests present issues of law and fact common to the main action.[63] In addition, AOGA's motion to intervene is timely and will not prejudice the existing parties. Accordingly, if this Court were to deny AOGA's motion to intervene as of right, AOGA respectfully requests that the Court grant it permissive intervention.

## IV. CONCLUSION

For the foregoing reasons, AOGA respectfully requests that the Court grant its motion for leave to intervene as of right under Rule 24(a). In the alternative, AOGA respectfully requests that the Court grant it permissive intervention under Rule 24(b).

DATED: November 1, 2021

STOEL RIVES LLP

By: /s/ Ryan P. Steen
Ryan P. Steen (Bar No. 0912084)
Jason T. Morgan (Bar No. 1602010)
James C. Feldman (Bar No. 1702003)

Attorneys for Alaska Oil and Gas Association

---

[63] Compl. ¶ 1 ("This action seeks declaratory and injunctive relief . . . for [FWS's] decision to issue a five-year incidental take regulation . . . approving Alaska Oil and Gas Association's (AOGA) petition to take Southern Beaufort Sea stock polar bears and Pacific walrus.").

*Alaska Wildlife All., et al. v. U.S. Fish & Wildlife Serv., et al.*
Case No. 3:21-cv-00209-SLG        14

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2021, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:21-cv-00209-SLG who are registered CM/ECF users will be served by the CM/ECF system.

                         */s/ Ryan P. Steen*
                         Ryan P. Steen

112465907.6 0010627-00048

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

*Alaska Wildlife All., et al. v. U.S. Fish & Wildlife Serv., et al.*
Case No. 3:21-cv-00209-SLG         15