Ryan P. Steen (Bar No. 0912084)
ryan.steen@stoel.com
Jason T. Morgan (Bar No. 1602010)
jason.morgan@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

Attorneys for Alaska Oil and Gas Association

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA WILDLIFE ALLIANCE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. FISH & WILDLIFE SERVICE, *et al.*, <br><br> Defendants, <br><br> and <br><br> ALASKA OIL AND GAS ASSOCIATION and STATE OF ALASKA, <br><br> Intervenor-Defendants. | No.: 3:21-cv-00209-SLG |

**INTERVENOR-DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS**

## I. INTRODUCTION

Intervenor-Defendants Alaska Oil and Gas Association ("AOGA") and the State of Alaska respectfully submit this response to Plaintiffs' Objections to the Magistrate Judge's Report and Recommendations Re Motions for Summary Judgment ("Objections"). *See* Dkt. 57. The 47-page Report and Recommendations ("R&R") comprehensively addresses Plaintiffs' claims and carefully explains, with numerous references to the administrative record and supporting authorities, why those claims are meritless. More broadly, the R&R is consistent with this Court's and the Ninth Circuit Court of Appeals' repeated rejections of every claim that these and other plaintiffs have levied against North Slope incidental take regulations ("ITRs") over a span of four lawsuits intended to frustrate and impede lawful North Slope oil and gas activities.

Plaintiffs' Objections are just a short-form restatement of the arguments they already presented to the Magistrate Judge. "It is not sufficient for the objecting party to merely restate arguments made before the magistrate or to incorporate those arguments by reference."[1] Moreover, there is no basis in the record or the law to second-guess the Magistrate Judge's well-considered conclusions, which are amply supported by the hundreds of pages of summary judgment briefing, and thousands of pages of

---

[1] *Mont. Shooting Sports Ass'n v. Holder*, No. CV 09-147-M-DWM-JCL, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010), *aff'd*, 727 F.3d 975 (9th Cir. 2013).

*Alaska Wildlife All., et al. v. U.S. Fish & Wildlife Serv., et al.*
Case No. 3:21-cv-00209-SLG    1
118610788.3 0010627-00056

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

administrative record, that were already presented to the Court. Accordingly, the Court should reject Plaintiffs' Objections and fully adopt the findings and conclusions set forth in the R&R.

## II. ARGUMENT

**A. This Court Should Summarily Approve the R&R Because Plaintiffs Fail to Raise Proper Objections.**

Federal Rule of Civil Procedure 72(b)(3) requires a district judge to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Proper objections "are to be specific and are to address only those portions of the proposed findings to which the party objects."[2] By contrast, "[i]t is improper for an objecting party to attempt to relitigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge."[3] "[G]eneral objections or summaries of arguments previously

---

[2] *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992); *see also Pope v. Spokane Sch. Dist. No. 81*, No. C21-1079-JCC-SKV, 2022 WL 17581663, at *1 (W.D. Wash. Dec. 12, 2022) ("A party properly objects when he or she files "specific written objections" to the magistrate judge's R&R as required under Federal Rule of Civil Procedure 72(b)(2)."); *Mont. Shooting Sports Ass'n*, 2010 WL 4102940, at *2 (proper objections "identif[y] the parts of the magistrate's disposition that the party finds objectionable and present[] legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result").

[3] *Camardo*, 806 F. Supp. at 382.

*Alaska Wildlife All., et al. v. U.S. Fish & Wildlife Serv., et al.*
Case No. 3:21-cv-00209-SLG 2
118610788.3 0010627-00056

presented have the same effect as no objection at all since they do not focus the Court's attention on any specific issues for review."[4] Here, Plaintiffs present nothing new for this Court to consider and only repeat their earlier briefing.

To be sure, the Court's consideration of such repetitive objections "would entail *de novo* review of the entire report, rendering the referral to the magistrate judge useless and causing a duplication of time and effort that wastes judicial resources and contradicts the purposes of the Magistrates Act."[5] "[P]arties are not to be afforded a second bite at the apple when they file objections to a Report and Recommendation, as the goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary."[6] "There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge."[7]

Plaintiffs' Objections are a "second bite at the apple." They summarily challenge the Magistrate Judge's conclusions on *every single claim* raised in Plaintiffs' summary judgment briefing. Even a cursory review of the Objections reveals that they simply

---

[4] *Pope*, 2022 WL 17581663, at *1 (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

[5] *Id.*

[6] *Camardo*, 806 F. Supp. at 382 (internal quotation marks, brackets, and citation omitted).

[7] *Id.*

*Alaska Wildlife All., et al. v. U.S. Fish & Wildlife Serv., et al.*
Case No. 3:21-cv-00209-SLG     3
118610788.3 0010627-00056

Case 3:21-cv-00209-SLG-KFR   Document 60   Filed 03/07/23   Page 4 of 12

rehash "the same arguments and positions taken in the original papers submitted to the Magistrate Judge."[8] Almost all of their objections do not actually address why any specific findings in the R&R were erroneous other than for failing to agree with Plaintiffs' summary judgment arguments.[9] In short, Plaintiffs improperly seek to relitigate every claim they pursued in their summary judgment briefing and thereby ask for "*de novo* review of the entire report."[10]

Section II.B below describes how and where each of Plaintiffs' objections is already addressed in the summary judgment briefing. However, the Court need not review and re-decide every one of Plaintiffs' claims because, as outlined above, objections that rehash arguments already presented are not "proper" objections. Instead, the Court can summarily reject the Objections and adopt the R&R in its entirety, as other district courts have done in similar circumstances.[11]

---

[8] *Id.*

[9] *Id.*

[10] *Pope*, 2022 WL 17581663, at *1.

[11] *See Hagberg v. Astrue*, No. CV-09-01-BLG-RFC-CSO, 2009 WL 3386595, at *1 (D. Mont. Oct. 14, 2009) ("There is no benefit if the district court[] is required to review the entire matter *de novo* because the objecting party merely repeats the arguments rejected by the magistrate. In such situations, this Court follows other courts that have overruled the objections without analysis."); *see also Camardo*, 806 F. Supp. at 382 (rejecting objections); *Pope*, 2022 WL 17581663, at *1 (same); *Mont. Shooting Sports Ass'n*, 2010 WL 4102940, at *2 (same).

*Alaska Wildlife All., et al. v. U.S. Fish & Wildlife Serv., et al.*
Case No. 3:21-cv-00209-SLG   4
118610788.3 0010627-00056

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

**B. The Administrative Record, as Illustrated in the Intervenor-Defendants' Summary Judgment Briefing, Fully Supports the Magistrate Judge's R&R.**

Should the Court nonetheless review and re-decide the issues raised in Plaintiffs' Objections, the comprehensive summary judgment briefing and administrative record fully support the Magistrate Judge's rejection of Plaintiffs' claims. As explained below, Plaintiffs' Objections are answered by the briefing and record already presented.

Initially, however, Plaintiffs do not dispute that their claims are governed by the Administrative Procedure Act ("APA"), which required the Magistrate Judge to defer to the U.S. Fish and Wildlife Service's (the "Service") decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."[12] Further, the Court must defer to the Service's reasonable interpretations of its statutory mandates.[13] None of Plaintiffs' objections even mention the standards, much less actually explain *why* the Magistrate Judge misapplied these standards.[14] This alone renders the Objections deficient.[15]

Regardless of that fundamental deficiency, the substance of Plaintiffs' Objections was fully briefed before the Magistrate Judge and was found meritless. Plaintiffs first

---

[12] 5 U.S.C. § 706(2)(A); *Gaule v. Meade*, 402 F. Supp. 2d 1078, 1087 (D. Alaska 2005).

[13] *Ctr. for Biological Diversity v. Salazar*, 695 F.3d 893, 902 (9th Cir. 2012) (citing *Chevron, U.S.A. v. Nat. Res. Def. Council*, 467 U.S. 837, 842-43 (1984)).

[14] *WildEarth Guardians v. Salazar*, 741 F. Supp. 2d 89, 97 (D.D.C. 2010).

[15] *Cf. Pope*, 2022 WL 17581663, at *1.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

object that the Magistrate Judge erred in upholding the Service's "small numbers" finding. But all of those arguments, including Plaintiffs' "policy reversal" argument, are comprehensively addressed in the summary judgment briefing.[16] For the reasons already stated in that briefing, Plaintiffs' claims are meritless. Aside from that briefing, Plaintiffs quibble that the Magistrate Judge somehow misinterpreted the 2016 Beaufort Sea ITR.[17] This argument is both perplexing and wrong. The record shows the Magistrate Judge's assessment was correct: in the 2016 Beaufort Sea ITR, the Service assumed the polar bear population size was 900 bears and authorized 68 incidental takes annually (340 over the five-year period), which equates to 7.5% of the population annually.[18]

Second, Plaintiffs' objection that the Magistrate Judge erred in upholding the Service's Level A harassment analyses and determinations is also fully addressed in the summary judgment briefing.[19] Additionally, Plaintiffs fail to articulate any valid objection to the Magistrate Judge's finding that "Congress has not spoken directly to the

---

[16] *Compare* Dkt. 57 at 3-9 *with* Dkt. 31 at 20-29 *and* Dkt. 46 at 9-19; *see* Dkt. 38 at 15-23, Dkt. 41 at 12-14, and Dkt. 43 at 24-30. To be consistent with the page referencing format used in the R&R, all pleading page numbers cited herein are the Pacer-generated page numbers stamped on the pleadings.

[17] *See* Dkt. 57 at 8.

[18] *See* BSITR0013773, 13793.

[19] *Compare* Dkt. 57 at 10-12 *with* Dkt. 31 at 29-32, *and* Dkt. 46 at 19-22; *see* Dkt. 38 at 23-26, Dkt. 41 at 24-38, and Dkt. 43 at 30-35.

*Alaska Wildlife All., et al. v. U.S. Fish & Wildlife Serv., et al.*
Case No. 3:21-cv-00209-SLG  6
118610788.3 0010627-00056

Case 3:21-cv-00209-SLG-KFR   Document 60   Filed 03/07/23   Page 7 of 12

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

issue of subdividing Level A harassment categories"[20] that demonstrates the Magistrate Judge's deference to the Service's interpretation of the Marine Mammal Protection Act was not reasonable. Rather, Plaintiffs simply disagree with the Magistrate Judge's well-reasoned rejection of their arguments while simultaneously ignoring the R&R's in-depth review of the administrative record supporting the Service's interpretation and application of the statutory language.[21]

Third, Plaintiffs' objection that the Magistrate Judge erred in upholding the Service's negligible impact finding again repeats Plaintiffs' earlier arguments and is addressed in depth in the summary judgment briefing.[22] Plaintiffs' objection also ignores the deference owed to the Service as the expert scientific agency and the ample evidence in the record that supports the negligible impact finding, all of which is thoroughly explained in the R&R.[23] Plaintiffs merely disagree with the Service's choice of methodology and exercise of expert judgment.[24]

---

[20] Dkt. 53 at 20-21.

[21] Dkt. 53 at 19-23.

[22] *Compare* Dkt. 57 at 12-15 *with* Dkt. 31 at 32-40 and Dkt. 46 at 22-35; *see* Dkt. 38 at 26-38, Dkt. 41 at 28-35, and Dkt. 43 at 27-42.

[23] Dkt. 53 at 25-32; *see also The Lands Council v. McNair*, 537 F.3d 981, 988 (9th Cir. 2008) (court should not "act as a panel of scientists"), *overruled in part on other grounds by Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008).

[24] Plaintiffs' contention that the Magistrate Judge's reference to dictionary definitions regarding the term "reasonably likely" is baseless. Dkt. 57 at 12-13; *see* Dkt. 53 at 26 (R&R's citation to three different dictionary definitions, including *Black's Law*

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

*Alaska Wildlife All., et al. v. U.S. Fish & Wildlife Serv., et al.*
Case No. 3:21-cv-00209-SLG         7
118610788.3 0010627-00056

Fourth, Plaintiffs nitpick the R&R, arguing that the Magistrate Judge allegedly ignored two minor points raised by Plaintiffs' reply brief in support of their challenges to the Service's Level B harassment determinations.[25] Plaintiffs are wrong. The Magistrate Judge addressed both of those issues.[26] Regardless, Plaintiffs' objection, even if it were factually correct, is improper. A "[p]laintiff's objection to [a] Magistrate Judge's hypothetical failure to address his previously-articulated arguments warrants no discussion because such an objection does not comport with the requirements of Rule 72(b)(2)."[27]

Fifth, Plaintiffs' claim that the Magistrate Judge incorrectly ruled in favor of the Service on the Plaintiffs' challenge to the ITR's mitigation measures repeats the same argument raised in their summary judgment briefing (which, in turn, repeats arguments

---

*Dictionary*). Courts regularly turn to the dictionary to discern an undefined statutory term's plain and ordinary meaning. *Friends of Animals v. U.S. Fish & Wildlife Serv.*, 879 F.3d 1000, 1005-06 (9th Cir. 2018). Moreover, Plaintiffs ignore the fact that the Service's determination that Level A harassment was not "reasonably likely" to occur relied on numerous factors, including the Service's expert determination that, because the available dataset was statistically skewed, the median result of the Service's calculations—which predicted *zero* Level A harassments—was the most informative. *See* Dkt. 43 at 37-38; Dkt. 38 at 29-32. These reasons were also considered and addressed by the Magistrate Judge. *See* Dkt. 53 at 23-31.

[25] Dkt. 57 at 15.

[26] *See* Dkt. 53 at 25-26, 33-34.

[27] *Thomas L. v. Berryhill*, No. CV 17-351 WES, 2018 WL 5278700, at *3 (D.R.I. Oct. 24, 2018). Plaintiffs' other objections that the Magistrate Judge allegedly failed to address certain points or arguments are meritless for the same reason.

*Alaska Wildlife All., et al. v. U.S. Fish & Wildlife Serv., et al.*
Case No. 3:21-cv-00209-SLG  8
118610788.3 0010627-00056

Case 3:21-cv-00209-SLG-KFR   Document 60   Filed 03/07/23   Page 9 of 12

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main (206) 624-0900 Fax (206) 386-7500

made and rejected in previous lawsuits).[28] The Magistrate Judge correctly denied that argument, just as previous courts have done.[29]

Finally, Plaintiffs' claim that the Magistrate Judge erred in rejecting their Endangered Species Act arguments incorporates by reference arguments raised in their brief,[30] which Federal Defendants and Intervenor-Defendants already fully addressed.[31] These repetitive objections are meritless for the same reasons addressed in the summary judgment briefing, as the Magistrate Judge has recommended.

### III. CONCLUSION

For the reasons explained above, and the reasons presented in Federal Defendants' response to the Objections, the Court should reject Plaintiffs' Objections and fully adopt the findings and conclusions set forth in the R&R.

**STOEL RIVES** LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

---

[28] *Compare* Dkt. 57 at 15-18 *with* Dkt. 31 at 44-50 *and* Dkt. 46 at 37-44; *see* Dkt. 38 at 42-50, Dkt. 41 at 36-44, and Dkt. 43 at 45-50 (addressing Plaintiffs' arguments).

[29] *See* Dkt. 43 at 45-46; *see also, e.g.*, *Salazar*, 695 F.3d at 908-909; *Ctr. for Biological Diversity v. Kempthorne*, 588 F.3d 701, 712 (9th Cir. 2009); *Native Vill. of Chickaloon v. Nat'l Marine Fisheries Serv.*, 947 F. Supp. 2d 1031, 1060 (D. Alaska 2013).

[30] *Compare* Dkt. 57 at 18 *with* Dkt. 31 at 50-54 *and* Dkt. 46 at 44-46.

[31] Dkt. 38 at 50-53, Dkt. 41 at 44-46, and Dkt. 43 at 51-55.

*Alaska Wildlife All., et al. v. U.S. Fish & Wildlife Serv., et al.*
Case No. 3:21-cv-00209-SLG          9
118610788.3 0010627-00056

DATED: March 7, 2023.

STOEL RIVES LLP

By: */s/ Ryan P. Steen*
    Ryan P. Steen (Bar No. 0912084)
    Jason T. Morgan (Bar No. 1602010)

*Attorneys for Alaska Oil and Gas Association*

TREG TAYLOR
ATTORNEY GENERAL

By: */s/ Ronald W. Opsahl*
    Ronald W. Opsahl (Bar No. 2108081)
    Cheryl Rawls Brooking (Bar No. 9211069)

*Attorneys for the State of Alaska*

*Alaska Wildlife All., et al. v. U.S. Fish & Wildlife Serv., et al.*
Case No. 3:21-cv-00209-SLG     10
118610788.3 0010627-00056

Case 3:21-cv-00209-SLG-KFR   Document 60   Filed 03/07/23   Page 11 of 12

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2023, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:21-cv-00209-SLG who are registered CM/ECF users will be served by the CM/ECF system.

                                              *s/ Ryan P. Steen*
                                              Ryan P. Steen

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

*Alaska Wildlife All., et al. v. U.S. Fish & Wildlife Serv., et al.*
Case No. 3:21-cv-00209-SLG           11
118610788.3 0010627-00056

Case 3:21-cv-00209-SLG-KFR    Document 60    Filed 03/07/23    Page 12 of 12